UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RODNEY WAYNE MACON | CIVIL ACTION NO. 13-cv-0479 |
| VERSUS | JUDGE FOOTE |
| JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Rodney Wayne Macon ("Petitioner") was convicted in Caddo Parish of aggravated rape which he committed when he was 16-years-old. Under the law applicable to the 1980 conviction, Petitioner was sentenced to serve life in prison without benefit of parole. The Supreme Court of Louisiana affirmed the conviction. State v. Macon, 394 So.2d 620 (La. 1981). Over the years, Petitioner filed more than a half-dozen post-conviction applications, all of which were denied.

In 2010, the Supreme Court held that the Eighth Amendment forbids the imposition of life in prison without parole for persons who were under 18 when they committed crimes other than homicide. Graham v. Florida, 130 S.Ct. 2011 (2010). Petitioner then filed another post-conviction application, invoked Graham, and asked that he be resentenced accordingly. The state court amended the life sentence to delete the restriction on parole eligibility and provided instructions regarding access to the Board of Parole's consideration. State v. Macon, 86 So.3d 662 (La. App. 2d Cir. 2012), writ denied, 90 So.3d 411 (La.).

Petitioner then filed a habeas corpus petition with this court and listed four grounds for relief in connection with his sentence. Petitioner conceded during the initial review process that claims one and two in his petition were not exhausted in the state courts, and he voluntarily dismissed them. Doc. 9. The court then ordered the State to respond to the other two issues. Doc. 11. Those two claims argue that (1) the Board of Parole routinely denies parole to all defendants convicted of a sex crime, which effectively bars Petitioner from any realistic chance of parole, and (2) the sentence violates Petitioner's rights to equal protection and due process because the State refused to follow a prior practice of resentencing to a lesser-included offense. For the reasons that follow, it is recommended the petition be denied.

**Relevant Facts**

Graham held that a state is not required to guarantee eventual freedom to a juvenile offender convicted of a non-homicide crime. But the state must give such defendants "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Graham, 130 S.Ct. at 2030. The Eighth Amendment does not foreclose the possibility that such defendants will remain behind bars for life. It simply forbids states from making the judgment at the outset that they will never be fit to reenter society. Id.

After Graham issued, Petitioner invoked it in a post-conviction application (Tr. 921-29), which resulted in appointment of counsel. Judge John Mosely, Jr. imposed what he described as an agreed sentence of life imprisonment without benefit of parole until 50 years had been served. Tr. 523-26. Despite the purported agreement on the sentence, defense

counsel filed a motion to reconsider sentence (Tr. 937) and argued that Louisiana jurisprudence required the trial court to impose a new sentence under the penalty provisions for the next lesser and included offense. He suggested that crime was forcible rape, with a sentencing range of five to 40 years. The argument was based on decisions by the Supreme Court of Louisiana in other settings where illegal sentences were remedied. The trial court denied the motion. Tr. 940.

Petitioner pursued appellate relief. Counsel argued that the sentence was illegal under Louisiana law because La. R.S. 15:574.4 provided that an inmate serving a life sentence was not eligible for parole unless the life sentence was commuted to a fixed term of years. Thus, counsel argued, the parole board had no authority under Louisiana statutes to consider parole for a person serving a life sentence, no matter what the sentencing judge said. Counsel also pointed to prior Louisiana decisions that had remedied similar situations by directing the imposition of the most serious penalty for the next lesser responsive crime. Appellate counsel suggested the responsive crime was attempted aggravated rape, which at the time of the offense had a maximum sentence of 50 years at hard labor with the benefit of parole. Counsel argued that Graham would otherwise be violated. Tr. 956-69.

While the appeal was pending, the Supreme Court of Louisiana issued State v. Shaffer, 77 So.3d 939 (La. 2011), which addressed a proper remedy for juvenile offenders who challenged their aggravated rape life sentences under Graham. The Court rejected the "next lesser offense" remedy it had used in other settings and ordered that the life sentences be modified to delete the "without parole" provision. The Court acknowledged that

Louisiana parole statutes provided that parole was not available on a life sentence unless it was first commuted to a fixed term, but the Court held that the statutes must yield to the Eighth Amendment. It prohibited the State from enforcing those statutory provisions and said that the juvenile offenders would be eligible for parole consideration upon serving at least 20 years of imprisonment and reaching the age of 45. The Court noted that this was likely an interim measure pending a legislative response.

The appellate court in Petitioner's case noted that "subsequent to the trial court's decision, the Louisiana Supreme Court has given clear direction in <u>Shaffer</u> as to the appropriate remedy in cases such as this and we are bound to follow that mandate." <u>State v. Macon</u>, 86 So.3d at 665. Petitioner had served at least 31 years by then, and he was approximately 49 years old. He therefore satisfied the <u>Shaffer</u> requirements. The appellate court, accordingly, amended the life sentence to delete the restriction on parole eligibility and instructed the Department of Corrections to revise Petitioner's prison master to reflect that his sentence was no longer without the benefit of parole. The Department was also directed to revise the prison master according to statutory criteria to reflect an eligibility date for consideration by the Board of Parole. <u>Id</u>. at 666.

Petitioner filed a pro se application for supervisory writs to the Supreme Court of Louisiana. Tr. 2309-15. His argument focused on state law. The single listed issue was that the Second Circuit erroneously applied "the Constitution or a law of this state" to cause an injustice. The argument again invoked the old Louisiana jurisprudence regarding the appropriate remedy when a sentence is held unconstitutional. Petitioner argued that his

Shaffer sentence was actually unlawful under state law so that he still had a life sentence without benefit of parole, which made it excessive under Graham. The Supreme Court denied writs without comment. Tr. 2327.

The legislature later responded to Graham and Shaffer by amending La. R.S. 15:574.4(B), which had required a life sentence be commuted to a fixed term before parole was possible. The amended statute now states that there is an exception to that rule, provided in Subsection D. The exception states that a person sentenced to life who was under 18 at the time of the crime, except for first or second-degree murder, shall be eligible for parole if all of several conditions are met. The first condition is that the offender has served 30 years of the sentence. The other conditions include a lack of recent disciplinary offenses, completion of certain programs, and accomplishment of various goals while in prison. The statute provides that a three-member panel shall consider a written evaluation of the offender by a person with expertise in adolescent brain development and behavior, along with any other relevant evidence. Acts 2012, No. 466.[1]

**Parole Unlikely**

Petitioner's petition is not accompanied by a memorandum. His four grounds for relief are simply described on the form provided for habeas petitions. He voluntarily dismissed his first two grounds. Ground three asserts that the sentencing court violated the

---

[1] Petitioner appears to have received a more favorable sentence under Shaffer than a juvenile would now receive under the Act. At least one court has not applied the Act retroactively, which was said to avoid any Ex Post Facto concerns. Burge v. Cain, 2015 WL 416811, **11-12 (E.D. La. 2015).

Eighth Amendment because the Louisiana Board of Parole (allegedly) routinely denies parole to all defendants convicted of a sex crime, citing the seriousness of the offense. Petitioner argues that his offense will never be any less serious than it is, so he is "effectively barred from any realistic chance of ever being paroled." This argument was not raised in any of the appellate briefs that led to this habeas proceeding.

Habeas relief is available only for violations of federal law, and an application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The requirement is satisfied if the federal issue has "once been properly presented to the highest court of the state" either on direct appeal or through a post-conviction application. Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). That includes presenting the issue in a petition for certiorari to state's high court, even if that court affords only discretionary review. O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999).

The exhaustion rule requires that the claim be presented to the state court within a federal constitutional framework. Scott v. Hubert, 635 F.3d 659, 667 (5th Cir 2011). The determination of whether the claim was presented in such a fashion is made by looking to the briefs filed in state court. Smith v. Digmon, 98 S.Ct. 597 (1978); Soffar v. Dretke, 368 F.3d 441, 467 (5th Cir. 2004).

The State has raised lack of exhaustion as a defense to this ground. A review of the appellate brief filed with the Second Circuit and the petition filed with the Supreme Court

of Louisiana reveal no indication of such an argument. Petitioner did not properly exhaust this claim.

It is now too late under Louisiana law for Petitioner to return to state court and exhaust a federal attack on his sentence, so the claim is technically exhausted but subject to a procedural bar that requires a showing of cause and prejudice to overcome. Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998). The State raised the defense in its memorandum and argued that Petitioner had not shown cause or prejudice to excuse the failure to exhaust. Petitioner did not file a reply, although he was permitted to do so, or otherwise make any effort to meet his burden. There are no grounds for cause and prejudice evident from the record, so this claim should be denied due to the lack of exhaustion and procedural bar.

**Equal Protection and Due Process**

### A. No Federal Claim Exhausted

Petitioner's fourth ground asserts that his Fourteenth Amendment rights to equal protection and due process were violated when the state court refused to sentence him based on the next lesser included offense, as had been done in prior jurisprudence. This claim is essentially the state-law argument Petitioner presented in the state courts, but now labeled as a federal constitutional violation.

Federal habeas applicants must claim violation of a federal constitutional right. "[C]laims that the trial court improperly applied state law do not constitute an independent basis for federal habeas relief." Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998). The

Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991).

Even if Petitioner had presented a federal claim at the lower levels of the state courts, it was mandatory that a federal claim also be fairly presented in his application for a writ to the Supreme Court of Louisiana. O'Sullivan, 119 S.Ct. at 1732.  A careful review of that filing shows that it is dedicated solely to the argument that the Louisiana courts should apply their own jurisprudence in a certain way to fashion a remedy.  There is no indication that the jurisprudential remedy applied by the state courts in prior cases was of federal constitutional dimension.  The filing's only reference to federal law is a citation to Graham, which Petitioner argued would be violated if the remedy applied by the Second Circuit ran afoul of state law so that he still had parole ineligibility under Louisiana law.  (The state courts have now made a final declaration that Petitioner is eligible for parole despite his life sentence.) This argument simply did not fairly present and exhaust the equal protection and due process claims that Petitioner now presents to this court for the first time in the proceedings.

### B. Denial on the Merits

Petitioner is not entitled to habeas relief even if this court were to assume that he exhausted a federal claim regarding his new sentence. The state courts denied Petitioner's applications on the merits.  When the state court adjudicates a claim on the merits, habeas relief is not available unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).  This requires a claim to be based on a holding of the

Supreme Court; decisions by circuit courts will not suffice. Glebe v. Frost, 135 S.Ct. 429, 431 (2014).

The Supreme Court has made clear that life without parole for juvenile offenders is unconstitutional, and the states must give the offenders "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Graham, 130 S.Ct. at 2030. The Court allowed that "[i]t is for the State, in the first instance, to explore the means and mechanisms for compliance." Id. Louisiana has begun its exploration by way of Shaffer and legislation regarding how to comply with Graham. The Supreme Court has not clearly established in Graham or any other decision that the Shaffer approach Louisiana took in this case, which made Petitioner eligible for parole, is unconstitutional. Thus, habeas relief is not permitted on this claim.[2]

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

---

[2] Similar habeas claims have also been denied. Hedgespeth v. Warden, 2015 WL1089325 (W.D. La. 2015); Walder v Cain, 2015 WL 349285, **10-11 (E.D. La. 2015).

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of February, 2016.

Mark L. Hornsby
U.S. Magistrate Judge